**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| FRIENDS OF THE EARTH<br>1101 15th Street, N.W.<br>Washington, DC 20005,<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE TREASURY<br>1500 Pennsylvania Avenue NW<br>Washington, DC 20220,<br><br>and<br><br>INTERNAL REVENUE SERVICE<br>1111 Constitution Avenue NW<br>Washington, DC 20224,<br><br>*Defendants*. | Civ. No. ____________ |

**<u>COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF</u>**

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel the United States Department of the Treasury ("the Department") and the Internal Revenue Service ("IRS") to release non-exempt information concerning the Department's and the IRS's application of the alternative fuel excise tax credit, *see* 26 U.S.C. § 6426(d), to liquified natural gas ("LNG") bunker fuel. These records are essential to Plaintiff Friends of the Earth's efforts to monitor, analyze, and disseminate information to the public about the Department's and the IRS's implementation of important tax policies and incentives, whether fossil fuel companies are eligible for taxpayer-funded subsidies, and how to hold the agencies accountable on important matters of public interest.

2. Despite Friends of the Earth properly submitting a FOIA request for information on March 30, 2026, nearly seven months later the Department and the IRS have not yet made a final determination on Friends of the Earth's request, released any responsive records, or even committed to a timeline for rolling production in response to Friends of the Earth's long-overdue request. As such, Friends of the Earth has been forced to seek judicial intervention to compel the Department and the IRS to comply with federal law.

**JURISDICTION**

3. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

**PARTIES**

4. Plaintiff Friends of the Earth is a national nonprofit headquartered in Washington, DC. For more than fifty years, it has championed the causes of a clean and sustainable environment, protection of the nation's public lands and waterways, and the exposure of political malfeasance and corporate greed. Friends of the Earth is the requester of the information at issue and entitled to a waiver of fees, as set forth in the FOIA request at issue.

5. Friends of the Earth's primary objective is disseminating information relevant to environmental concerns. Indeed, one of Friends of the Earth's primary missions is "to change the perception of the public, media, and policymakers—and effect policy change—with hard-hitting, well-reasoned policy analysis and advocacy campaigns that describe what needs to be done." To that end, a key aspect of Friends of the Earth's recent work is investigation and publication of how the fossil fuel industry continues to benefit from the direct and indirect support of the federal government, even as fossil fuel extraction, production, and use threatens our climate, communities, and puts our oceans, lands, and their resources at risk. Friends of the Earth has

long been a prominent opponent of federal subsidies for the fossil fuel industry, and has a proven record of compiling and disseminating information to the general public, Congress, and policymakers. Particularly relevant here, Friends of the Earth has been at the forefront of efforts to ensure that taxpayers do not foot the bill for corporate handouts propping up the fossil fuel industry. The organization has continued to compile, synthesize, and disseminate information relevant to the fossil fuel industry's efforts to exploit subsidies and other benefits to garner short-term profits and/or long-term policy concessions. For example, Friends of the Earth recently co-authored a report detailing how fossil fuel companies "have benefited massively from carve-outs they won" in the 2017 tax bill. Friends of the Earth's analyses have informed the reporting of national news media and have been referenced by members of Congress.

6. Defendants the Department and the IRS are federal agencies with possession of the records at issue in this suit.

**FACTS GIVING RISE TO PLAINTIFF'S CLAIMS**

**A. The Freedom of Information Act**

7. "The basic purpose of FOIA is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 152 (1989) (citations omitted). FOIA was enacted to "permit access to official information long shielded unnecessarily from public view" by creating a "right to secure such information from possibly unwilling official hands." *Dep't of the Air Force v. Rose*, 425 U.S. 352, 361 (1976) (citation omitted). "[D]isclosure, not secrecy, is the dominant objective of the Act." *John Doe*, 493 U.S. at 152 (citation omitted).

8. Once an agency receives a request for records under FOIA, the agency must "determine within 20 [working] days . . . whether to comply with such request" and must

"immediately notify the person making such request of such determination and the reasons therefor," and of "the right of such person to appeal to the head of the agency" any "adverse determination." 5 U.S.C. § 552(a)(6)(A)(i). When an agency makes a determination to comply with a FOIA request, it must make the records "promptly available," *Id.* § 552(a)(3)(A), (a)(6)(C)(i), "which . . . typically . . . mean[s] within days or a few weeks of a 'determination,' not months or years." *Citizens for Resp. & Ethics in Wash. v. Fed. Election Comm'n*, 711 F.3d 180, 188 (D.C. Cir. 2013) (quoting 5 U.S.C. § 552(a)(6)(C)(i)); *see also Long v. IRS*, 693 F.2d 907, 910 (9th Cir. 1982) (holding that an agency's "unreasonable delays in disclosing nonexempt documents violate[s] the intent and purpose of" FOIA, and "courts have a duty to prevent these abuses"). FOIA requires agencies of the federal government to conduct a reasonable search for requested records and to release them to a requester, unless one of nine specific statutory exemptions applies to the requested information. 5 U.S.C. § 552(a)(3), (b).

9. FOIA also requires agencies to provide requesters "information about the status of a request," including "an estimated date on which the agency will complete action on the request." *Id.* § 552(a)(7)(B)(ii).

10. FOIA requires federal agencies to release all non-exempt segregable information that is requested. *Id.* § 552(b).

11. FOIA requires that an agency make a "determination" regarding a request within the statutory time period. *Id.* § 552(a)(6)(A). To constitute a determination, "the agency must at least: (i) gather and review the documents; (ii) determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents; and (iii) inform the requester that it can appeal whatever portion of the 'determination' is adverse." *Citizens for Resp. & Ethics in Wash.*, 711 F.3d at 188. Where the agency issues a

determination that is adverse to the requester, the requester may appeal the adverse determination to the agency within ninety days. 5 U.S.C. § 552(a)(6)(A).

12. FOIA generally requires the exhaustion of administrative remedies prior to filing suit in federal court. *Id.* § 552(a)(6). However, a requester is deemed to have exhausted administrative remedies "if the agency fails to comply" with the statutory response periods for a FOIA request or an administrative appeal. *Id.* § 552(a)(6)(C). In such a case, the requester may immediately seek judicial review in federal district court. *See, e.g.*, *Jud. Watch, Inc. v. Rossotti*, 326 F.3d 1309, 1310 (D.C. Cir. 2003) ("A requester is considered to have constructively exhausted administrative remedies and may seek judicial review immediately if . . . the agency fails to answer the request within twenty days."); *Agolli v. Off. of Inspector Gen., U.S. Dep't of Just.*, 125 F. Supp. 3d 274, 281 (D.D.C. 2015) ("Plaintiffs are considered to have constructively exhausted their remedies if the agency does not respond to a request within 20 business days (or 30 working days in unusual circumstances), . . . or if the agency does not respond to an administrative appeal within 20 business days." (first citing *Citizens for Resp. & Ethics in Wash.*, 711 F.3d at 184; and then citing *Aftergood v. CIA*, 225 F. Supp. 2d 27, 29–30 (D.D.C. 2002))).

13. Federal courts are authorized under FOIA "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

14. The Department and the IRS are federal agencies within the meaning of and subject to FOIA. *Id.* § 552(f)(1).

**B. Alternative Fuels Excise Tax Credit**

15. First passed in 2005 and extended through December 31, 2024 by the Inflation Reduction Act, the alternative fuel excise tax credit provides a fifty-cent per gallon incentive for taxpayers who sell or use eligible alternative fuels "as a fuel in a . . . motorboat."

26 U.S.C. § 6426(d)(1). "Alternative fuel" is defined to include natural gas, propane, P-Series fuel, liquid fuel derived from coal through the Fischer-Tropsch process, and "compressed or liquefied gas derived from biomass." *Id.* § 6426(d)(2).

16. The alternative fuel excise tax was ostensibly created to promote the use of more energy efficient and environmentally friendly vehicles and boats at a time of concern for the United States' energy independence in the aftermath of the September 11, 2001 terrorist attacks. Sellers or users of eligible alternative fuels can claim the alternative fuel excise tax credit to offset federal fuel taxes. In the event that federal fuel taxes are fully offset (i.e., reduced to $0), any excess credits can be claimed as a refundable income tax credit.

17. In its 2025 Annual Report to the Securities and Exchange Commission, fossil fuel giant Cheniere disclosed that its "use of LNG as transport fuel . . . enabled [the company] to claim federal alternative fuel excise tax credits totaling $370 million for the period spanning from 2018 to 2024, preceding the expiration of the incentive program on December 31, 2024." CHENIERE ENERGY, INC., *Form 10-K* 47-48 (2026), https://tinyurl.com/kcsvurae. This came as a surprise to tax experts, who informed the media that "the alternative-fuels incentive was never meant to be used on the massive vessels" used to transport LNG. *See* Evan Halper, *Fossil Fuel Giant Wins $370 Million Tax Break for Burning Gas as an 'Alternative Fuel'*, WASH. POST (Feb. 26, 2026), https://tinyurl.com/34xxy98n. The IRS's decision to approve Cheniere's use of the tax credits raises significant questions about the Department's and agency's interpretation of the scope of the alternative fuel excise tax credit; the application of the tax credit to benefit the already heavily subsidized fossil fuel industry; and the undue influence of outside special interest groups on the development and implementation of federal tax policy.

**C. Friends of the Earth's March 30, 2026, FOIA Request to the Department and the IRS**

18. Plaintiff Friends of the Earth submitted a FOIA request to the Department and the IRS on March 30, 2026. *See* Exhibit 1 (Mar. 30, 2026, FOIA Request).

19. Friends of the Earth's FOIA request sought copies of records including:

- Any Revenue Ruling, Chief Counsel advice, written determination, legal guidance, and/or any other interpretive guidance offered in connection with the fuel excise tax, 26 U.S.C. §§ 4041, 4081, and/or the alternative fuel excise tax credit, 26 U.S.C. § 6426, including but not limited to records that address the following questions: (a) what types of alternative fuel qualify for the alternative fuel excise tax credit; (b) what categories of sellers and users of alternative fuels qualify for the alternative fuel excise tax credit; and/or (c) what categories/types of motor vehicles and/or motorboats qualify for the alternative fuel excise tax credit;

- All communications between Department employees and/or contractors and Congressional members, committees, and/or staffers that mention, discuss, address, explain, describe, refer to, contain, deal with, or otherwise cite to, either in whole or in part, directly or indirectly, the scope and application of the alternative fuel excise tax credit, 26 U.S.C. § 6426, including *but not limited to* communications that address questions (a) through (c) from Item 1 above (i.e., (a) what types of alternative fuel qualify for the alternative fuel excise tax credit, (b) what categories of sellers and users of alternative fuels qualify for the alternative fuel excise tax credit, and/or (c) what categories/types of motor vehicles and/or motorboats qualify for the alternative fuel excise tax credit);

- All records mentioning, discussing, addressing, explaining, describing, referring to, containing, dealing with, or otherwise citing to, either in whole or in part, directly or indi rectly, Departmental consideration of the scope and/or definition of the following two terms as used in the Tax Code and/or Treasury regulations: "Motorboat" , and "Alternative fuel" ; and

- All records mentioning, discussing, addressing, explaining, describing, referring to, containing, dealing with, commenting on, or otherwise citing to, either in whole or in part, directly or indirectly, the promulgation of proposed regulations at 26 C.F.R. pts. 40, 48; *see, e.g.*, 73 Fed. Reg. 43890 (July 29, 2008).

### D. Friends of the Earth's Correspondence with the Department Regarding Its FOIA Request

20. On March 30, 2026, Friends of the Earth received an email from the Department confirming it received Friends of the Earth's request and assigning FOIA tracking number 2026-FOIA-01073.

21. On April 9, 2026, the Department emailed Friends of the Earth a letter stating that "it is unclear what *specific* records Friends of the Earth seek[s] from [the] Department." Exhibit 2 (Apr. 9, 2026 Letter). The Department stated that Friends of the Earth's request did not "describe the records" sought "in reasonably sufficient detail to enable employees who are familiar with the subject area of the request to locate the records without placing an unreasonable burden upon the Department." *Id.* The Department requested that Friends of the Earth "provide a timeframe for the search." *Id.* The Department noted that Item 3 was "overly broad," and requested "additional serch [sic] terms combining multiple terms." *Id.*

22. On April 21, 2026, Friends of the Earth responded to the Department's letter regarding the scope of the request, explaining that: (1) the time period was clear, particularly when considered within the entire context of the request; and (2) the request more than fulfilled its obligation to reasonably describe the records sought. Exhibit 3 (Apr. 21, 2026 Letter). Even so, Friends of the Earth clarified its request as follows:

- Item 2: Records generated between January 1, 2015 to the date that the search is conducted;
- Item 3: Records generated between January 1, 2015 to the date that the search is conducted, containing suggested search terms; and
- Item 4: The entire rulemaking record for proposed regulations at 73 Fed. Reg. 43890.

23. On May 26, 2026, the Department informed Friends of the Earth that it had "initiated" a search for the requested records. Exhibit 5 (May 26, 2026 Letter). The Department

stated that "unusual circumstances exist regarding the search for and review of potentially responsive records which may delay our response." *Id.* According to the Department, such circumstances "may include the need to consult with multiple program offices, to review a voluminous quantity of records, or to search for records stored in multiple locations." *Id.* The Department did not specify which circumstances existed to justify a delayed response in this case, nor did it provide an estimated date by which it expected to make a determination on Friends of the Earth's request. *Id.* The Department also granted Friends of the Earth's request for a fee waiver. *Id.*

24. On September 17, 2026, Friends of the Earth emailed the Department to request a status update on the request. Exhibit 5 (Sept. 17, 2026 Email).

25. On September 18, 2026, the Department responded to Friends of the Earth, citing its "heavy FOIA workload," and stating that its "estimated time of completion" for the request "is December 19, 2026." Exhibit 6 (Sept. 18, 2026 Email). The Department provided that the December 2026 date "is an estimate, and the completion date can change." *Id.*

26. On September 29, 2026, Friends of the Earth sent the Department a letter explaining that the Department's cursory letter failed to justify the continued delay in processing Friends of the Earth's FOIA request, and requesting that the Department make a final determination and promptly produce all responsive records to Friends of the Earth's FOIA request without further delay. Exhibit 7 (Sept. 29, 2026 Letter). Friends of the Earth requested a response to the letter by October 6, 2026. *Id.*

**E. Friends of the Earth's Correspondence with the IRS Regarding Its FOIA Request**

27. On March 30, 2026, Friends of the Earth received an email from the IRS confirming that it had received Friends of the Earth's FOIA request. Exhibit 8 (Mar. 30, 2026 Email). In that email, the IRS designated this FOIA request with FOIA tracking number 2026-08337. *Id.*

28. On April 1, 2026, the IRS sent Friends of the Earth a letter granting Friends of the Earth's fee waiver request. Exhibit 9 (Apr. 1, 2026 Letter).

29. On April 7, 2026, the IRS responded to Friends of the Earth's request by email. Exhibit 10 (Apr. 7, 2026 Letter). The IRS informed Friends of the Earth that it was "closing [the] request with no further action" because "[a]ll revenue rulings, written determinations and Chief Counsel Advice are publicly available." *Id.*

30. On April 21, 2026, Friends of the Earth responded to the IRS's email, explaining that the IRS's decision to close Friends of the Earth's FOIA request with respect to Items 2 through 4 was inappropriate and violated FOIA and the IRS's own internal procedures. Exhibit 11 (Apr. 21, 2026 Letter).

31. On the morning of April 24, 2026, the IRS emailed Friends of the Earth stating that "[b]ased on the FOIA request," the agency's decision to deny the entire FOIA request was "the correct final response letter, and the case will not be re-opened." Exhibit 12 (Apr. and May 2026 Emails). The IRS did not offer any additional explanation as to why Items 2, 3, and 4 of Friends of the Earth's FOIA request would not be processed. *Id.*

32. Later that morning, Friends of the Earth replied to the IRS's email, explaining that the agency failed to "respond[] to [Friends of the Earth's] myriad concerns" regarding the blanket denial, including that such a denial "violate[d] both [FOIA] and IRS policy." *Id.* Friends

of the Earth requested that the IRS comply with its obligations under FOIA and the Administrative Procedure Act ("APA") by "confirm[ing]" that it would "process[] the FOIA portion of [the] request or provide an explanation as to why the agency refuses to do so." *Id.*

33. That afternoon, the IRS emailed three short, paragraphs that mirrored the IRS's original April 7, 2026 denial letter stating that: (1) "[a]ll revenue rulings, written determinations and Chief Counsel Advice are publicly available"; (2) "FOIA . . . do[es] not require agencies to answer questions, perform research, or create new documents in response to a request; and (3) requests for written determinations under Section 6110 of the Tax Code must include the file number. *Id.*

34. Later that afternoon, Friends of the Earth replied that the three paragraphs quoted by the IRS failed to address the issue. *Id.* Friends of the Earth acknowledged that Item 1 of its FOIA request "sought information that is publicly posted pursuant to Section 6110," and was therefore properly denied. *Id.* Friends of the Earth asserted that "Items 2, 3, and 4 requested records that are clearly available under FOIA." *Id.* Friends of the Earth asked the IRS to confirm that it was "refusing to process Items 2, 3, and 4 of our properly submitted FOIA request." *Id.*

35. On April 29, 2026, the IRS reopened Friends of the Earth's request. That same day, the IRS informed Friends of the Earth that, in the IRS's view, Friends of the Earth's FOIA request was "overly broad in nature for items 2 and 4." *Id.* Specifically, with respect to Item 2, the IRS requested that Friends of the Earth clarify "[w]hat" it "mean[s] by departments," because, according to the agency, "[t]o do a search of all departments and their communications with all individuals as listed in the request would be overly burdensome and would require us to do research and possibly create records." *Id.* The IRS also requested that Friends of the Earth provide a "timeframe" for this item. *Id.* With respect to Item 4, the IRS stated that "[t]o do a

search for all records and determine what ‘entities’ created those records within or outside the federal government is research and overly burdensome and could potentially require us to create records.” *Id.* The IRS requested that Friends of the Earth provide a “timeframe” for this item. *Id.*

36. On May 11, 2026, the IRS informed Friends of the Earth that Items 3 and 4 were “overly broad” and therefore, could not be processed absent further clarification. *Id.* Specifically, the IRS argued that: (1) “‘[a]lternative fuels’ is a very broad topic that would involve other complex issues; (2) “‘[a]ll records’ is very vague and if included everything ‘alternative fuels’ would become very voluminous; and (3) “[t]here is no period of time for this request.” *Id.*

37. On May 22, 2026, Friends of the Earth responded to the IRS’s claims regarding the scope of the request, explaining that: (1) the time period was clear, particularly when considered within the entire context of the request; and (2) the IRS’s attempt to invoke FOIA’s undue burden provision as a basis for failing to comply with Friends of the Earth’s FOIA request was “not only legally invalid but a clear flouting of the public’s right to know.” Exhibit 13 (May 22, 2026 Letter). Friends of the Earth clarified its request as follows:

- Item 2: Records generated between January 1, 2015 to the date that the search is conducted;
- Item 3: Records generated between January 1, 2015 to the date that the search is conducted, containing suggested search terms; and
- Item 4: The entire rulemaking record for proposed regulations at 73 Fed. Reg. 43890. *Id.*

38. On June 22, 2026, the IRS informed Friends of the Earth that it was “unable to provide the [requested] information” by the twenty-day statutory deadline, which the agency purported to be June 24, 2026. Exhibit 14 (June 22, 2026 Letter). The IRS invoked FOIA’s ten-day extension (i.e., to July 9, 2026) due to its purported need to “[s]earch for and . . . collect requested records from other locations.” *Id.* The IRS stated that it would “notify” Friends of the

Earth if it was "unable to complete [the] request by October 2, 2026," a delay of over six months from the date the request was submitted. *Id.*

39. On September 17, 2026, approximately two weeks before the IRS's anticipated response date, Friends of the Earth emailed the IRS to request a status update on the request. Exhibit 15 (Sept. 2026 Emails). The IRS responded that its FOIA office was "still waiting on records from the business unit." *Id.* Friends of the Earth promptly requested that the IRS provide an "estimated date for the first production." *Id.*

40. On September 25, 2026, the IRS sent a second letter asserting that it "need[s] additional time to obtaine [sic] and review records." Exhibit 16 (Sept. 25, 2026 Letter). The IRS stated it would "notify" Friends of the Earth if it is "unable to complete [the] request by April 21, 2027," a delay of nearly a year from the date Friends of the Earth submitted its request. *Id.*

41. On September 29, 2026, Friends of the Earth sent the IRS a letter explaining that the Department's cursory letter failed to justify the continued delay in processing Friends of the Earth's FOIA request, and requesting that the IRS make a final determination and promptly produce all responsive records to Friends of the Earth's FOIA request without further delay. Exhibit 17 (Sept. 29, 2026 Letter). Friends of the Earth requested a response to the letter by October 6, 2026. *Id.*

42. As of the filing of this Complaint, the IRS and the Department have not produced a single responsive record, provided any timeline for a rolling production of records, or responded to Friends of the Earth's requests for a status report on the agencies' progress in fulfilling this long-overdue request.

43. As of the filing of this Complaint, the IRS and the Department have not issued a final determination as to Friends of the Earth's March 30, 2026 request. Nor have the agencies

provided any information regarding the full scope of documents that the agencies plan to withhold or redact under any FOIA exemptions.

44. As of the filing of this Complaint, the Department and the IRS have failed to meet FOIA's statutory deadline for responding to this request. Far more than twenty working days have elapsed since the Department and the IRS received Friends of the Earth's request.

45. As of the filing of this Complaint, the Department and the IRS have not offered any explanation as to why they are unable to comply with FOIA's statutory deadlines.

**PLAINTIFF'S CLAIMS FOR RELIEF**

46. Plaintiffs incorporate all above paragraphs by reference herein.

47. By failing to issue a final determination regarding Friends of the Earth's FOIA requests within the statutorily mandated timeframe, the Department and the IRS are in violation of FOIA, 5 U.S.C. § 552(a)(6).

48. By failing to make reasonable efforts to search for records responsive to Friends of the Earth's request, the Department and the IRS are in violation of FOIA, 5 U.S.C. § 552(a)(3).

49. By failing to disclose and produce records responsive to Friends of the Earth's request without a legal basis for withholding such records, the Department and the IRS is in violation of FOIA, including but not limited to 5 U.S.C. § 552(a)(3)(A), (4), (6)(A).

50. By failing to provide any justification or explanation for the agencies' delay in processing, issuing a final determination on, and disclosing records responsive to Friends of the Earth's FOIA request, the Department and the IRS are in violation of FOIA, including but not limited to 5 U.S.C. § 552(a)(4), (6).

51. By failing to provide any explanation as to why processing Friends of the Earth's FOIA request within the statutorily mandated timeframe is impracticable, the Department and the IRS are in violation of FOIA, including but not limited to 5 U.S.C. § 552(a)(4), (6).

52. By failing to provide Friends of the Earth all non-exempt information that Friends of the Earth has requested under FOIA, the Department and the IRS in violation of FOIA, 5 U.S.C. § 552(a)(3).

53. Plaintiff Friends of the Earth has a right to obtain the requested information, and the Department and the IRS have demonstrated no lawful basis for withholding it.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court:

1. Declare that the Department and the IRS are in violation of FOIA for multiple reasons, including but not limited to: failing to timely respond to Friends of the Earth's March 30, 2026 FOIA request; failing to make a timely determination on this request and to promptly release responsive records; and improperly withholding responsive, nonexempt information;

2. Enjoin the Department and the IRS from withholding nonexempt information that is responsive to Friends of the Earth's March 30, 2026 FOIA request;

3. Order the Department and the IRS to immediately issue a final determination on Friends of the Earth's March 30, 2026 FOIA request and promptly process and release all nonexempt information responsive to that request;

4. Award Friends of the Earth its costs and attorney's fees; and

5. Award Friends of the Earth such relief as the Court may deem just and proper.

Respectfully submitted,

*/s/ Elizabeth L. Lewis*
Elizabeth L. Lewis

DC Bar No. 229702
lizzie@eubankslegal.com
(202) 618-1007

*/s/ William S. Eubanks II*
William S. Eubanks II
DC Bar No. 987036
bill@eubankslegal.com
(970) 703-6060

EUBANKS & ASSOCIATES, PLLC
1629 K Street NW, Suite 300
Washington, DC 20006

*Counsel for Plaintiff*